IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:20-CR-102 |
| ERICK PERALTA (1), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Erick Peralta's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 8, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by a representative of the Federal Public Defender's Office, Brian O'Shea. The Government was represented by Tom Gibson.

Defendant was sentenced on August 5, 2019, before The Honorable Sam A. Lindsay of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Distribute a Schedule I Controlled Substance Analogue, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant was subsequently sentenced to 12 months and 1 day imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include obtaining a General Education Diploma (GED) within the first year of his supervision; and a $100 special assessment. On September 4, 2019, Defendant completed his period of imprisonment and

began service of the supervision term. On March 26, 2020, jurisdiction of this case was transferred to the Eastern District of Texas, Plano Division, and assigned to The Honorable Sean D. Jordan. On June 29, 2020, a petition to revoke his term of supervised release was filed due to his (4) positive drug tests and (1) admitted use for cocaine. Defendant appeared in court on August 6, 2020 before U.S. Magistrate Judge Christine A. Nowak and both the defendant and the Government agreed that if the defendant was admitted into an inpatient drug treatment facility that the Government would be willing to withdraw the petition and allow Defendant to resume his supervision. Defendant was informed that, should he fail to participate in inpatient treatment or fail to comply with his conditions of supervision, including the abstinence from illegal drug use, the petition to revoke would be refiled. Defendant was subsequently admitted into Turtle Creek Recovery Center in Dallas, Texas, on August 27, 2020, and completed the inpatient program successfully on September 24, 2020. Defendant subsequently reported to the U.S. Probation Office on September 29, 2020 and submitted a urine specimen that tested positive for cocaine use.

On October 16, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 16, Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) You must not unlawfully possess a controlled substance; and (2) You must refrain from any unlawful use of a controlled substance [Dkt. 16 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: (1), (2) On February 14, 2020, the defendant reported to the U.S. Probation Office and admitted verbally and in writing to using cocaine on February 12, 2020  On February 27, 2020, March 11, 2020, March 20, 2020, and May 13, 2020, the defendant reported to the U.S. Probation Office and submitted urine specimens that tested positive for cocaine. All specimens were confirmed positive for cocaine by Alere

Toxicology Services.  On September 29, 2020, the defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for cocaine.  The specimen was confirmed positive for cocaine by Alere Toxicology Services on October 3, 2020 [Dkt. 16 at 1, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition.  Having considered the Petition and the plea of true to both allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months, with a term of supervised release of twenty-four (24) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; (2) It is ordered that you must pay to the United States a special assessment of $100, which is due and payable immediately.  Any and all financial penalties must be made payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 211 West Ferguson Street, Room 106, Tyler, Texas 75702; and (3) You must obtain a General Education Diploma (GED) within the first year of supervision, if not obtained while incarcerated.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 30th day of December, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE