**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-102- |
| | § | SDJ-KPJ |
| ERICK PERALTA (1) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Erick Peralta's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on March 21, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Ernest Gonzalez.

Defendant was sentenced on August 5, 2019, before The Honorable Sam A. Lindsay of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Distribute a Schedule I Controlled Substance Analogue, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant was subsequently sentenced to 12 months and 1 day imprisonment followed by a 3- year term of supervised release subject to the standard conditions of release, plus special conditions to include obtaining a General Education Diploma (GED) within the first year of his supervision; and a $100 special assessment. On September 4, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On March 26, 2020, jurisdiction of this case was transferred to the Eastern District of Texas, Plano Division, and assigned to The Honorable Sean D. Jordan.

REPORT AND RECOMMENDATION – Page 1

On June 29, 2020, a petition to revoke his term of supervised release was filed due to his (4) positive drug tests and (1) admitted use for cocaine. Defendant appeared in court on August 6, 2020, before U.S. Magistrate Judge Christine A. Nowak and both the defendant and the Government agreed that if the defendant was admitted into an inpatient drug treatment facility that the Government would be willing to withdraw the petition and allow Defendant to resume his supervision. Defendant was informed that, should he fail to participate in inpatient treatment or fail to comply with his conditions of supervision, including the abstinence from illegal drug use, the petition to revoke would be refiled. Defendant was subsequently admitted into Turtle Creek Recovery Center in Dallas, Texas, on August 27, 2020, and completed the inpatient program successfully on September 24, 2020. Defendant subsequently reported to the U.S. Probation Office on September 29, 2020, and submitted a urine specimen that tested positive for cocaine use. On October 16, 2020, a second petition to revoke his term of supervised release was filed due to his (5) positive drug tests and (1) admitted use for cocaine. Defendant appeared in court on January 4, 2021, before U.S. Magistrate Judge Christine A. Nowak and pled true to both allegations of cocaine possession and use. Defendant subsequently had his term of supervised release revoked and was sentenced to a term of 5 months imprisonment followed by a 2-year term of supervised release. Defendant completed his term of imprisonment on February 26, 2021, and began his second term of supervised release in the Eastern District of Texas.

On September 15, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 34, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) You must not unlawfully possess a controlled substance; (2) You must refrain from any unlawful use of a controlled substance; (3) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you

must report to the probation officer as instructed; and (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 34 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On June 7, 2021, the defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for cocaine. The specimen was confirmed positive by Alere Toxicology Services, Inc., on June 12, 2021. On August 10, 2021, the defendant reported to the U.S Probation Office and submitted a urine specimen that tested positive for cocaine. The defendant verbally and in writing admitted to cocaine use. The specimen was confirmed positive by Alere Toxicology Services, Inc., on August 16, 2021; (3) The defendant was instructed to report to the U.S. Probation Office on August 13, 2021, in order to discuss his recent drug use and he failed to report as instructed; and (4) The defendant failed to report for random drug testing on July 7, 2021; August 3, 2021; August 26, 2021; and September 7, 2021, as directed [Dkt. 34 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 through 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 44; 45].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of imprisonment of nine (9) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 1st day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE